# MERCHANTS STATE BANK OF VELVA, NORTH DAKOTA, a Corporation, Appellant, v. C. S. BEIGHLE and E. D. Skinner, Respondents.

(199 N. W. 592.)

**Reformation of instruments — undertaking held not subject to reformation.**

Where plaintiff sought to reform and to recover upon an undertaking upon appeal through a motion for judgment upon the pleadings and without the introduction of any evidence, upon a complaint alleging a mistake in the omission in the undertaking, of an agreement to pay the judgment, if affirmed, and upon an answer denying such allegation and alleging that the undertaking given was a bond for costs only, it is held, for reasons stated in the opinion,

that the language of the undertaking is direct and certain and that there exists no patent ambiguity therein concerning the agreement of the sureties and, hence, upon the record. no grounds were shown for reformation. .

Opinion filed May 21, 1924. Rehearing denied July 29, 1924.

Evidence, 22 C. J. § 1570 p. 1177 n. 49. Reformation of Instruments, 34 Cyc. p. 910 n. 50.

In District Court, Ward County, *Lowe*, J.

Plaintiff has appealed from a judgment entered pursuant to an order made upon a motion for judgment upon the pleadings.

Affirmed.

*Fisk, Murphy & Nash,* for appellant.

*Nestos, Herigstad & Stenerson,* for respondent.

The first and main rule of construction is that the intent of the parties as expressed in the words they have used must govern. That language of a contract is to govern the interpretation if the language is clear and explicit, and does not involve an absurdity.

A patent ambiguity is an uncertainty that arises at once on the reading of the contract. We do not have to wait until some other fact is brought to our knowledge before the uncertainty is apparent, but the doubt is suggested at once and by the phrase itself.

. An ambiguity may be either latent or patent. It is the former where the language employed is clear and intelligible and suggest but a single meaning, and some extrinsic fact or extraneous evidence creates a necessity for interpretation or a choice among two or more possible meanings. But a patent ambiguity is that which appears on the face of the instrument, and arises from the defective, obscure, or insensible language used.

There are two kinds of ambiguity. First, where the ambiguity arises from the fact that the parties have expressed inconsistent intentions on the face of the deed. An ambiguity of this class is apparent to any person perusing the deed, even if he be unacquainted with the circumstances of the parties; and is called a "patent ambiguity." Harney v. Wirtz, 30 N. D. 292.

BRONSON, Ch. J.: This is an action to reform an undertaking up-

on appeal and to recover thereupon. The amended complaint alleges that in an appeal from the judgment to this court wherein this plaintiff and one Streeper were parties, defendants made an undertaking in behalf of Streeper; that the judgment was affirmed, 48 N. D. 583, 186 N. W. 98; that this judgment has not been paid; that such undertaking recites,—"that the defendant and appellant . . . (in such .appeal) . . . will pay all costs that may be awarded against the ·defendant on appeal, or on dismissal thereof, and all damages that the plaintiff may sustain by reason of the stay of proceedings herein granted to the defendant pending said appeal not exceeding the sum ·of $1,500;" that in giving and filing such undertaking it was the true and actual intent of the parties that such undertaking was the statutory bond required by § 7825, Comp. Laws, 1913 to the effect, "that if the judgment appealed from, or any part thereof is affirmed, the appellant will pay the amount directed to be paid by the judgment . . . and all damages which shall be awarded against the appellant on appeal;" that plaintiff treated such undertaking as a statutory stay bond and made no attempt to enforce the judgment pending the appeal; that the plaintiff or the defendants did not discover the form of the undertaking until on or about the time of the serving of the answer in this action; that such undertaking in its form was purely a mistake of all of the parties.

Defendants, in their answer, deny that the true and actual intent was to furnish such statutory bond; that the actual intention was to furnish a bond for costs only that might be awarded upon appeal; that the amount of costs upon appeal was $17; that defendants' consent that judgment for that amount be rendered against them.

Upon these pleading, plaintiff moved for judgment. No evidence was taken. Thereupon, the trial court made its order that plaintiff was not entitled to have the undertaking reformed and was entitled to judgment for $17. Pursuant thereto, judgment for $17 was entered.

Plaintiff has appealed from the judgment. It contends that the manifest intention of the signers of the undertaking was to give a statutory supersedeas undertaking upon appeal; that this intent appears from the instrument alone; that, if any ambiguity exists, it is a patent ambiguity; and, that extrinsic evidence was inadmissible to show any different intent. Defendants, on the contrary, maintain that

the allegations in the answer are admitted through plaintiff's motion for judgment on the pleadings; that there exists no situation disclosing any patent ambiguity for the reason that the language of the undertaking is clear, direct and certain; that upon the facts submitted no implied representations existed concerning this undertaking and accordingly, no grounds exist for reformation thereof.

For purposes of this appeal both parties concede that an undertaking upon an appeal may be reformed and that a patent ambiguity is not subject to explanation through oral evidence. The issue presented is therefore simple. We are of the opinion that defendant's contentions must be upheld as they were upheld by the trial court. We are clear that the language on the undertaking is direct and certain and contains no patent ambiguity concerning the agreement of defendants, as sureties. Plaintiff, pursuant to his contentions, could recover upon this undertaking only by inserting therein language containing an agreement on the part of defendants to pay the judgment, which language would be at variance with the express language used in the undertaking. Therefore, in any event, plaintiff has failed to establish any showing of a mistake or of grounds for reformation. The judgment is affirmed.

CHRISTIANSON, NUESSLE, BIRDZELL, and JOHNSON, JJ., concur.